UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICHARD PHILLIPS, #80650                                               PETITIONER

v.                                              CIVIL ACTION NO. 4:11-cv-91-CWR-FKB

JACQUELYN BANKS, Warden                                               RESPONDENT

## MEMORANDUM AND OPINION

Petitioner, an inmate of the Mississippi Department of Corrections, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a motion to proceed *in forma pauperis* (IFP), on May 18, 2011. Petitioner failed to sign either pleading, in accordance with 28 U.S.C. § 2242, Rule 2(c)(5) of the Rules Governing Section 2254 Cases, and Rule 11 of the Federal Rules of Civil Procedure.[1] However, the Clerk of Court filed the defective petition and motion to proceed IFP in accordance with Rule 3(b) of the Rules Governing Section 2254 Cases.[2]

On May 19, 2011, the Court entered an Order [ECF No. 3] directing the Clerk to return a copy of the unsigned documents to the Petitioner for his signature. The Order of May 19, 2011, directed the Petitioner to file his signed petition and IFP application on or before June 3, 2011. The Petitioner was warned in the Order that failure to timely comply with the requirements of the Order or failure to keep this Court informed of his current address would lead to the dismissal of his case. Petitioner did not file a signed petition or IFP application, or otherwise communicate with the Court.

On June 20, 2011, the Court entered an Order [ECF No. 4] directing the Petitioner to show

---

[1] *See* 28 U.S.C. § 2242, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended . . ."; Rule 2(c)(5) of the Rules Governing Section 2254 Cases states, "[t]he petition must be signed under penalty of perjury . . .".

[2] *See* Rule 3 advisory committee's note, finding the "better procedure [is] to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2. Thus, revised Rule 3(b) requires the clerk to file a petition, even though it may otherwise fail to comply with Rule 2."

cause why this case should not be dismissed for his failure to comply with the Court's Order of May 19, 2011. In addition, Petitioner was ordered to comply with this Court's previous Order by filing his signed petition and IFP application, on or before July 5, 2011. The Petitioner was warned that failure to timely comply with the requirements of the Order or failure to keep this Court informed of his current address would lead to the dismissal of his case, without further notice. Although Petitioner filed a notice of change of address [ECF No. 5] on July 15, 2011, he did not file the signed pleadings, thereby failing to comply with two Court Orders.

Since Petitioner is proceeding *pro se*, he was provided one additional opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On July 19, 2011, the Court entered a Final Order to Show Cause [ECF No. 6] which directed Petitioner to file a written response showing cause why this case should not be dismissed for his failure to comply with the Orders of May 19, 2011, and June 20, 2011. Petitioner was also directed to file his signed petition and IFP application, on or before August 3, 2011. The Final Order to Show Cause warned Petitioner that his failure to file the signed documents by August 3, 2011, would result in the dismissal of this case without further notice. Petitioner has failed to respond to this Order or otherwise communicate with the Court.

The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions filed pursuant to 28 U.S.C. § 2254. *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir.

1997)(affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).[3]  As the record demonstrates, the Court's efforts to pursue lesser sanctions than dismissal have proven futile. The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  *Id*. at 629-30.   In sum, Petitioner has failed to submit a petition or an  IFP application containing his signature, thereby failing to comply with 28 U.S.C. § 2242, Rule 2(c)(5) of the Rules Governing Section 2254 Cases, and Rule 11 of the Federal Rules of Civil Procedure, along with three Court orders.  Thus, the Court concludes that dismissal of this case, without prejudice, for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Martinez,* 104 F.3d at 773;  *Davis v. Gordon*, No. 02-61123, 2003 WL 22120979, at *1 (5th Cir. Sept. 12,  2003)(affirming dismissal based on habeas petitioner's failure to pay the filing fee); *see also Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal for inmate's failure to comply with a court order).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 30th day of August, 2011.


s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3]*See also* Rule 12 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."